# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CYNTHIA STEVENS, et al. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-3731-S |
| | § | |
| KIMBERLY-CLARK CORPORATION | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiffs' Motion to Remand and Brief in Support ("Motion to Remand") [ECF No. 9]. For the following reasons, the Court **DENIES** the Motion to Remand.

### I.      BACKGROUND

This case concerns a fatal mini-bus accident that occurred on October 18, 2019, in Costa Rica. Plaintiffs contend that the accident was caused by an 18-wheeler tractor trailer being driven in connection with the operations of Kimberly-Clark Corporation ("Defendant"). On December 28, 2020, Cynthia Stevens, individually and as a representative of the Estate of William Stevens; Victoria Stevens; Paige Stevens; Joseph Schwarz; Tammy Schwarz, individually and as next friend of WJS, a minor; Ashley Schwarz; Justine Schwarz; Trevor Schwarz; Austin Schwarz; Carlos Perez; Therese Perez, individually and as next friend of BXP, a minor; Anthony Niemiec, as a representative of the estates of Andrew Niemiec and Jennifer Niemiec; Anthony Niemiec, as next friend of NAN, a minor; and Allison Niemiec (together, "Plaintiffs") commenced an action against Defendant in the 191st Judicial District Court of Dallas County, Texas, Cause No. DC-20-19005. *See* Orig. Pet. [ECF No. 1 Ex. C]. Plaintiffs' Original Petition alleges claims for negligent undertaking, negligence, and wrongful death. *Id.*

The day after Plaintiffs filed suit in state court, Defendant filed its Notice of Removal [ECF No. 1] before Plaintiffs had effectuated service. On December 31, 2020, in response to an Order from the Court dated December 30, 2020 [ECF No. 4], Defendant filed an Amended Notice of

Removal [ECF No. 5] clarifying the citizenship of several of the Plaintiffs.  On May 25, 2021, again in response to an Order from the Court dated May 11, 2021 [ECF No. 16], Defendant filed a Second Amended Notice of Removal [ECF No. 17], further clarifying the citizenship of several of the Plaintiffs, specifically those of the decedents William Stevens, Andrew Niemiec, and Jennifer Niemiec.

Plaintiffs filed their Motion to Remand on January 27, 2021.  It is undisputed that complete diversity exists in this case, as all of the plaintiffs are citizens of Wisconsin, and the sole defendant is a corporation incorporated in Delaware with its principal place of business in Texas.  2d. Am. Not. of Removal 2-3.  Plaintiffs contend, however, that the forum-defendant rule, 28 U.S.C. § 1441(b)(2), bars removal based on diversity jurisdiction when the removing defendant is a citizen of the forum state.  Defendant responds that under *Texas Brine Co., LLC v. Amer. Arb. Assoc.*, 955 F. 3d. 482 (5th Cir. 2020), Section 1441(b)(2) bars removal only when a forum defendant has been properly served and joined in state court.  Thus, the question before the Court is whether the forum-defendant rule precludes so-called "snap removal" by a forum defendant.  The Court holds that it does not.

## II.    LEGAL STANDARD

Any civil action brought in a state court of which the federal courts have original jurisdiction may be removed to the district court embracing the place where such action is pending. 28 U.S.C. § 1441(a).  Federal courts are courts of limited jurisdiction, possessing only power authorized by the Constitution or statute.  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted).  Because removal raises significant federalism concerns, removal is strictly construed and any doubt about the propriety of removal jurisdiction is resolved in favor of remand.  *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (citations omitted).

A district court may exercise removal jurisdiction over cases where there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332. When the suit is removed on the basis of diversity, the removing party must establish by a preponderance of the evidence that: (1) the amount in controversy exceeds $75,000; and (2) all persons on one side of the controversy are citizens of different states than all persons on the other side of the controversy. *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citation omitted); *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008) (citations omitted) ("The party seeking to assert federal jurisdiction . . . has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists."). Diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citations omitted).

## III.    ANALYSIS

28 U.S.C. § 1441(b)(2) provides that a "civil action otherwise removable solely on the basis of [diversity] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Read literally, the statute does not bar removal by a properly joined, sole defendant who is a citizen of the forum state, provided the defendant removes the case before being served with process.

Because § 1441(b)(2) is unambiguous, the court applies its plain meaning. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992). As the Fifth Circuit recently explained in *Texas Brine*, "Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action." *Texas Brine*, 955 F.3d at 486 (quoting *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019)). Absent controlling authority to the contrary, this Court is bound by the Fifth Circuit's ruling in *Texas*

3

*Brine.* Accordingly, Section 1441(b)(2) does not preclude removal because Plaintiffs—who are all citizens of Wisconsin—are completely diverse from Defendant—a citizen of Delaware and Texas—and Defendant, a citizen of the forum state, removed the case before being served with process. 2d Am. Not. of Removal 2.[1]

In reaching its decision in *Texas Brine*, the Fifth Circuit relied on recent decisions by the Second and Third Circuits, both of which permitted snap removal by forum defendants. *See Texas Brine*, 955 F.3d at 485-87 (citing *Gibbons*, 919 F.3d at 705-06; *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018)). The reasoning in these cases supports the Court's conclusion here.

*Texas Brine* explicitly agreed with and adopted the Second Circuit's interpretation in *Gibbons*, relying on both it and the Third Circuit's opinion in *Encompass* to conclude not only that the plain meaning of Section 1441(b)(2) permits snap removal by forum defendants, but also that this result does not require judicial re-construction because the result is not absurd. *Id.* at 486-87 (quoting *Gibbons*, 919 F.3d at 706; relying on *Encompass*, 902 F.3d at 153). The *Gibbons* court reasoned that the "'properly joined and served' requirement" may be present to "provide a bright-line rule keyed on service, which is clearly more easily administered than a fact-specific inquiry into a plaintiff's intent or opportunity to actually serve a home-state defendant." *Id.* (quoting *Gibbons*, 919 F.3d at 706). Similarly, the *Texas Brine* panel agreed with *Encompass* that "the result was not absurd because the interpretation gives meaning to each word and abides by the

---

[1] Plaintiffs' argument that the case should be remanded because Defendant's original notice of removal was defective is unavailing. Defendant amended its notice of removal in response to the Court's order, and a notice of removal is effective as of the date it is filed in state court. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

plain language." *Id.* (citing *Encompass*, 902 F.3d at 153).  Although *Texas Brine* stated that it was "[o]f some importance" that the removing party was not a forum defendant, this language does not mandate an opposite result for a forum defendant, in light of the panel's reliance on *Gibbons* and *Encompass*. *See id.* at 487.

Accordingly, based on the plain meaning of 28 U.S.C. § 1441(b)(2) and the Fifth Circuit's decision in *Texas Brine*, the Court finds that Defendant properly removed this case.[2]

### IV.    CONCLUSION

For the reasons discussed above, the Court denies the Motion to Remand.

**SO ORDERED.**

SIGNED July 29, 2021.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that several other judges in this District have reached the same conclusion. *See, e.g., Mirman Group, LLC v. Michaels Stores Procurement Co., Inc.*, 3:20-CV-1804-D, 2020 WL 5645217, at *2 (N.D. Tex. Sept. 22, 2020) ("§ 1441(b)(2) does not preclude removal because . . . the sole defendant, is a citizen of the forum state [that] removed the case before it was served with process."); *Baker ex rel. Estate of Baker v. Bell Textron, Inc.*, 2020 WL 5513431, at *7 (N.D. Tex. Sept. 14, 2020) ("[T]his Court holds that the plain language of § 1441(b)(2) allows snap removal by a forum defendant . . . ."); *Serafini v. Sw. Airlines Co.*, 2020 WL 5370472, at *5 (N.D. Tex. Sept. 8, 2020) ("Under the statute's plain text, a forum defendant may engage in snap removal when it is the sole defendant.").

5